UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE DEGNAN, DMD, PC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-CV-292 (CEJ) |
| | ) | |
| DENTIS USA CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike affirmative defenses of defendant Dentis USA Corporation, pursuant to Fed.R.Civ.P. 12(f). Defendant Dentis has filed a response in opposition.

Plaintiff filed this action in state court, alleging that it received an unsolicited fax advertising defendant's products on October 15, 2015. The fax contained an opt-out notice that plaintiff claims did not meet regulatory requirements. In this purported class action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, plaintiff seeks statutory damages, injunctive relief, and attorneys' fees. Defendant removed the action to this Court and filed an answer and thirty affirmative defenses. Plaintiff moves to strike defense Nos. 1-3, 7-8, 10-11, 13, 15, and 30.

### I.  **Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts have liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir. 2001). However, striking a

party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." Shirrell v. St. Francis Med. Ctr., No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (citation omitted).

Federal Rule 8(c) governs the pleading of affirmative defenses and requires a party to "affirmatively state any avoidance or affirmative defense." Rule 8(e) specifies that "[e]ach allegation must be simple, concise, and direct. No technical form is required." "The rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims." Wisland v. Admiral Beverage Corp., 119 F.3d 733, 737 (8th Cir. 1997) (citing Fed.R.Civ.P. 8(c)). "While [an affirmative] defense must be asserted in a responsive pleading, it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its *bare assertion.*" Zotos v. Lindbergh School Dist., 121 F.3d 356, 361 (8th Cir. 1997) (emphasis in original; citation omitted).

"[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." State of Missouri v. Charter Commc'ns, Inc., No. 4:15-CV-1593 RLW, 2016 WL 1625461, at *5 (E.D. Mo. Apr. 21, 2016) (quoting 5 Charles Alan Wright et al., Federal Practice & Procedure § 1274 (3d ed. Westlaw 2013)). "A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense cannot succeed under any

circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Shirrell, 2013 WL 3457010, at *1 (internal quotation and citation omitted). The party filing a motion to strike must show that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "[W]here a challenged defense fails as a matter of law or is immaterial to the matter, the resources and time expended to counter such a defense constitute per se prejudice." In re RFC & ResCap Liquidating Trust Litig., No. 13-CV 3520 JRT/HB, 2015 WL 2451254, at *4 (D. Minn. May 21, 2015).

## II. Discussion

### A. Defenses Inapplicable to TCPA Claims

The TCPA "proscribes sending unsolicited advertisements to fax machines" unless they meet certain exceptions. St. Louis Heart Ctr., Inc. v. Vein Centers for Excellence, Inc., No. 4:12 CV 174 CDP, 2017 WL 492778, at *1 (E.D. Mo. Feb. 7, 2017) (quoting Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740, 745 (2012) (citing 47 U.S.C. § 227(b)(1)(C)). "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." Id. (quoting 47 U.S.C. § 227(a)(5)). As relevant here, the statute prohibits the "use [of] any . . . device to send, to a telephone facsimile machine, an unsolicited advertisement, unless . . . the unsolicited advertisement contains a notice meeting the requirements under paragraph 2(D)." Nack v. Walburg, 715 F.3d 680, 683 (8th Cir. 2013) (quoting § 227(b)(1)(C) & (C)(iii)). The notice must be conspicuous, provide a domestic telephone number, and identify a cost-free mechanism for the recipient to opt-out

3

of receiving future "unsolicited advertisements." Id. (quoting § 227(b)(2)(D)(i), (iv)(I)–(II). The TCPA "imposes, on anyone who sends an unsolicited fax advertisement, statutory damages of $500 *per fax*, which can be trebled if the court finds that the violation was willful or knowing." Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc., 821 F.3d 992, 997 (8th Cir. 2016) (emphasis in original) (quoting Creative Montessori Learning Ctrs. v. Ashford Gear LLC, 662 F.3d 913, 914 (7th Cir. 2011).

**Defenses No. 2 and No. 13 — Failure to mitigate and failure to notify**

In affirmative defense No. 2, defendant asserts that plaintiff and the putative class members failed to mitigate or avoid their damages. Similarly, in affirmative defense No. 13, defendant asserts that the claim is barred because plaintiff and the putative class members "failed to notify" defendant of "the alleged statutory violations at the time such violations allegedly occurred, which prevented [it] from taking any action to remedy such violations." Courts have determined that recipients of unsolicited faxed advertisements do not have a duty to mitigate. Springer v. Fair Isaac Corp., No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) (striking failure-to-mitigate defense); Exclusively Cats Vet. Hosp., P.C. v. Pharm. Credit Corp., No. 13-CV-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) (where it was clear plaintiff sought only statutory damages, mitigation defense "cannot succeed under any circumstances"); Powell v. W. Asset Mgmt., Inc., 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (listing cases finding no duty to mitigate under § 227 of the TCPA). Similarly, "[r]ecipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials." Holtzman v. Turza, No. 08 C 2014, 2010 WL 4177150,

4

at *5 (N.D. Ill. Oct. 19, 2010), aff'd sub nom. Ira Holtzman, C.P.A. v. Turza, 728 F.3d 682 (7th Cir. 2013); Onsite Computer Consulting Servs., Inc. v. Dartek Computer Supply Corp., No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo. Cir. Ct. May 17, 2006) ("Plaintiff was not required to mitigate its damages by calling Defendant and asking that the faxes be stopped."). Affirmative defenses No. 2 and No. 13 will be stricken.

**Defenses No. 3 and No. 8 — Statute of Limitations and Laches**

In affirmative defense No. 8, defendant asserts that plaintiff's claim "is barred, or limited, by the applicable statute of limitations" and, further, that the application of the statute of limitations "require[s] individualized determinations for each putative class member . . . thereby precluding class-wide resolution." TCPA claims are subject to the four-year "catch-all" statute of limitations set forth in 28 U.S.C. § 1658(a). Giovanniello v. ALM Media, LLC, 726 F.3d 106, 115 (2d Cir. 2013); Exclusively Cats, 2014 WL 4715532, at *4; see also Coniglio v. Bank of Am., NA, 638 F. App'x 972, 974 n.1 (11th Cir. 2016) ("The TCPA has a four-year statute of limitations."); St. Louis Heart Ctr., Inc. v. Vein Centers For Excellence, Inc., 860 F. Supp. 2d 920, 923 (E.D. Mo. 2012) (statute of limitations for TCPA violations is four years). The purported class is limited to those who received a junk fax from defendants "on or after four years prior to the filing of this action" and, thus, does not violate the four-year statute of limitations. Defendant argues that "consent is also an affirmative defense and thus the statute of limitations is determinable through an investigation of the facts." Striking affirmative defense No. 8 will not preclude defendant from developing its defense based on consent.

5

Affirmative defense No. 3 asserts that plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches. The doctrine of laches is "[t]he equitable doctrine by which a court denies relief to a claimant who has unreasonably delayed in asserting the claim, when that delay has prejudiced the party against whom relief is sought." In re RFC & ResCap Liquidating Trust Litig., 2015 WL 2451254, at *11 (quoting Black's Law Dictionary (9th ed. 2009)). "[L]aches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation." Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1973 (2014). "[I]n face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief . . ." Id. at 1974. Plaintiff's claims are subject to a four-year statute of limitations and the defense of laches does not apply.

The Court will strike affirmative defenses No. 3 and No. 8.

### Defense 15 — Failure to Exhaust Remedies

Defendant asserts that plaintiff's claims are barred because she "failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to [her] prior to commencing this action." Defendant does not identify any administrative remedies that apply to a TCPA claim and argues only that it has not yet had the benefit of complete discovery. In the absence of a legal requirement for a TCPA plaintiff to exhaust remedies before filing suit, discovery on this issue is irrelevant. Affirmative defense No. 15 will be stricken.

### Defense No. 10 — "Good Faith" Defense

In affirmative defense No. 10, defendant asserts that it "has at all times acted in good faith and reasonable grounds for believing that they had not violated Missouri or federal law." Plaintiff argues, and defendant does not dispute, that Missouri law is irrelevant to the TCPA claim asserted here and the reference to Missouri law will be struck from the affirmative defense No. 10. With respect to federal law, TCPA defendants are entitled to show that they had prior express consent to send advertising faxes to specific recipients. Plaintiff does not challenge defendant's assertion of a good faith defense under federal law. Therefore, that portion of the affirmative defense will not be stricken.

### B. Defenses No. 1, No. 11, and No. 30

Affirmative defense No. 1 asserts that plaintiff "fails to state facts sufficient to constitute a cause of action upon which relief can be granted." Rule 12(h)(2)(A) expressly allows failures to state a claim to be raised in an answer. Kiet Le, d/b/a Plaza Madrid v. Sentinel Ins. Co., LTD, No. 4:17CV00018 AGF, 2017 WL 1246696, at *2 (E.D. Mo. Apr. 5, 2017);. Savage v. Citibank N.A., No. 14-CV-03633-BLF, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015) ("While the failure to state a claim or the failure to join an indispensable party may not technically be *affirmative* defenses, the Court perceives no good reason to strike these otherwise permissible (and self-explanatory) defenses on sematic grounds.") "[T]he court perceives no prejudicial effect of burdensome discovery or litigating unnecessary issues by allowing failure to state a claim to remain in defendants' [answers]." CitiMortgage, Inc. v. Just Mortgage, Inc., No. 4:09-CV-1909 DDN, 2013 WL 6538680, *8 (E.D. Mo. Dec. 13, 2013). Plaintiff's motion to strike affirmative defense No. 1 will be denied.

Affirmative defense No. 11 states that the claims of all plaintiffs are barred "in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands." Plaintiff objects that this defense is redundant to the extent that it includes laches, estoppel, and waiver, which are set forth in other defenses and, further, combines multiple defenses. Plaintiff has not shown that she is prejudiced by the form or content of this affirmative defense and the motion to strike will be denied. Similarly, affirmative defense No. 30 (pleading unjust enrichment) is not redundant of affirmative defense 7 (pleading that plaintiffs are not entitled to disgorgement). Plaintiff's motion to strike affirmative defenses No. 11 and No. 30 will be denied.

* * *

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike affirmative defenses [Doc. # 9] is **granted in part and denied in part**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2017.